FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA   AUG -3
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

RYAN HILL,                    }
                              }
    Plaintiff,                }
                              }         CIVIL ACTION NO.
v.                            }
                              }         00-AR-1590-S
BLUE CROSS BLUE SHIELD OF     }
ALABAMA,                      }
                              }
    Defendant.                }

ENTERED
AUG -3 2000

**MEMORANDUM OPINION**

    After writing the opinion of July 24, 2000, which denied Ryan Hill's motion to remand, this court received a copy of a brief recently filed with the Eleventh Circuit by the defendants-appellees in *Julie Barbee v Tyson Foods Inc., et al.*, Appeal No. 00-12313-HH. In *Barbee* the defendant employer was self-insured. It was for that reason that this court there held that the "savings clause" was not applicable and that the plaintiff-employee's state law claims were not saved from ERISA preemption. Plaintiff's appeal from this court in *Barbee* was occasioned by a Rule 54(b) determination dismissing his state law claims. Footnotes 10 and 13 contained in defendants-appellees' brief in *Barbee* argue against "savings clause" applicability as follows:

> [10] Likewise, Plaintiff's reliance on district court decisions from Oklahoma and New York is misplaced. Appellant's Br. at 21-26. <u>Lewis v. Aetna U.S. Healthcare, Inc.</u>,78 F. Supp.2d 1202 (N.D. Okla. 1999) and <u>Selby v. Principal Mutual Life Ins.</u>



Co., 2000 WL 178191 (S.D.N.Y. February 16, 2000) do not involve self-funded insurance plans or the deemer clause. Rather, they involve group insurance coverage purchased by employers and the impact of the savings clause is at issue. See Lewis, 78 F. Supp.2d at 1204 ("group insurance coverage") and Selby, 2000 WL 178191 at *1 (group insurance plan provided by employer but "issued" by the defendant life insurance company).

\*\*\*\*

[13] In contrast, the cases from other district cited by Plaintiff - Selby, 2000 WL at 178191, and Lewis, 78 F. Supp.2d at 1202 - each involved causes of action brought under state law against insurers who, pursuant to insurance policies, provided benefits under employer-sponsored ERISA plans. See Appellant's Br. at 21-26. The courts in Selby and Lewis found that the state law causes of action based upon the insurance policies fell within ERISA's savings clause. Therefore, Selby and Lewis are distinguishable from the instant case given that (1) there is no policy of insurance at issue in this case and (2), there is no private cause of action under Alabama Code § 27-12-24, which is the sate statute under which Plaintiff purports to bring an action for bad faith.

This court agrees with the defendants-appellees in *Barbee* that *Lewis* and *Selby* are not applicable **to that case.** The *Lewis* and *Selby* decisions, however, cannot be distinguished in the present case. If they correctly state the principles of ERISA preemption applicable to cases in which the defendant is an insurance company, Mr. Hill's case is not preempted and should be remanded. Instead of trying to distinguish the indistinguishable, this court chooses not to follow *Lewis* and *Selby,* that is unless the Eleventh Circuit or the Supreme Court first adopts the position taken in those cases. *See Clancy v Employers Health Insurance Co.*, 101 F. Supp. 2d 463 (E.D. La. 2000), in which another district court has refused to follow the *Lewis* lead. This court's reluctance to walk through the

2

door cracked open by district courts in Colorado, Oklahoma and New York is softened but not overcome by the recent article written by Sharon J. Arkin, entitled "The Drive to Change ERISA: Can State Law 'Trump' ERISA Preemption?", 29-SPG Brief 8, published by the American Bar Association, Tort & Insurance Practice Section. This court commends Ms. Arkin for her very well written commentary on the current status of ERISA jurisprudence.

In its earlier opinion this court indicated that because of 28 U.S.C. § 1447(d), Blue Cross could not appeal an order of remand if entered pursuant to 28 U.S.C. § 1447(c). When this court made that statement, it was blissfully unaware of *Moore v. American-Amicable Life Insurance Company of Texas*, 2000 WL 1005070, __ F.3d ___ (11th Cir. 2000), decided by a panel of the Eleventh Circuit on June 20, 2000. In *American-Amicable*, the Eleventh Circuit ordered a federal court to recapture a case from the state court to which the federal court had erroneously remanded it after finding a lack of subject matter jurisdiction. The Eleventh Circuit quoted the Seventh Circuit's *Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir. 1992), wherein that court held that § 1447(d) "does not mean what it says." Section 1447(d) is, of course, the statute providing that a remand order "is not reviewable on appeal or otherwise." It appears from *American-Amicable* that this court was dead wrong to suggest that Blue Cross could not review an order of remand if this court should enter such an order in this case.

To the contrary, it now appears that Blue Cross would have a **guaranteed** right of appeal from such an order, whereas Hill will only have the **possibility** of an appeal from the order denying his motion for remand. Nevertheless, the court will stick to the decision it made on July 24, 2000, before it became aware of *American-Amicable* and of 29-SPG Brief 8.

DONE this 3rd day of August, 2000.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE